**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MAX WESLEY MICHEL,

Petitioner,

v. Case No. 3:26-cv-3056-TJC-PDB

WARDEN, NORTH FLORIDA DETENTION CENTER, et al.,

Respondents.

---

# TEMPORARY RESTRAINING ORDER

Petitioner Max Wesley Michel, an 18 year-old immigration detainee from Haiti, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus (Doc. 1; Petition and accompanying memoranda) on November 4, 2026. Michel argues, inter alia, that he is not subject to mandatory detention. Doc. 1; Doc. 1-2 (Memorandum). As relief, he asks the Court to direct Respondents to release him or alternatively, provide him with an individualized bond hearing. Doc. 1 at 9.

Michel also filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 1-3) seeking to enjoin Respondents from transferring him outside of the Middle District of Florida during the pendency of this case.[1] Id. at 1. Injunctive relief, whether in the form of a temporary

---

[1] The Clerk has requested that counsel refile this motion as a standalone document. The Court will terminate the new motion once filed as already

restraining order or a preliminary injunction, "is an extraordinary and drastic remedy." Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)). To secure an injunction, a party must establish four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest. Citizens for Police Accountability Pol. Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam) (internal citation omitted); Keister v. Bell, 879 F.3d 1282, 1287–88 (11th Cir. 2018). The third and fourth factors merge when the injunction is against the government. See Gonzalez v. Governor of Ga., 978 F.3d 1266, 1271 (11th Cir. 2020) (discussing elements of a preliminary injunction against a government entity).

Upon review of the record, the Court finds that Michel has shown a substantial likelihood of success on his claim that his mandatory detention without an individualized bond hearing is unlawful. A temporary restraining order would maintain the status quo. See Fernandez-Roque v. Smith, 671 F.2d 426, 429 (11th Cir. 1982) ("One inherent characteristic of a temporary restraining order is that it has the effect of merely preserving the status quo[.]").

---

having been resolved.

Without interim relief to maintain the status quo, Michel's transfer outside of this Court's jurisdiction could delay the Court's adjudication of this case. If he is ultimately granted the relief he seeks (release from ICE custody), he may incur costs and face difficulties in returning home. Given Michel's youth, the Court finds this presents irreparable harm. The exigency of Michel's potential unlawful detention and removal from this District necessitates entry of this temporary restraining order without notice to Respondents. Because there is no realistic likelihood of prejudice to Respondents from the issuance of the limited restraint Michel seeks, the Court exercises its discretion to dispense with the requirement that Michel provide security under Rule 65(c), Federal Rules of Civil Procedure. See Ajugwe v. Noem, No. 8:25-CV-982-MSS-AEP, 2025 WL 1370212, at *10 (M.D. Fla. May 12, 2025) (exercising "discretion to waive the bond requirement in Fed. R. Civ. P. 65(c)").

Accordingly, it is hereby

**ORDERED**:

1. Michel's Emergency Motion for Temporary Restraining Order and Preliminary Injunctive Relief to Prevent Transfer Outside the Middle District of Florida (Doc. 1-3) is **GRANTED** to the extent that Respondents and any officers, agents, servants, employees, attorneys, and persons in active concert or participation with Respondents who receive actual notice of this Order, are enjoined from removing Michel from the Middle District of Florida up to and

including **November 19, 2026**, unless this temporary restraining order is extended or earlier dissolved. The security required by Fed. R. Civ. P. Rule 65(c) is waived. As noted below, the request for preliminary injunctive relief is carried with the case.

2. The **Clerk of Court** shall send a copy of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), the Motion (Doc. 1-3), and a copy of this Order by **e-mail** to the United States Attorney for the Middle District of Florida (USAFLM.JAX.Civil.NewCases@usdoj.gov, OPLAORLFEDLIT@ice.dhs.gov) and the Office of the Attorney General (oag.civil.eserve@myfloridalegal.com); and by **first-class mail** to the Attorney General of the United States, 950 Pennsylvania Avenue NW, Washington, DC 20530. All costs of service shall be advanced by the United States.

3. Michel's counsel shall also immediately serve via e-mail a copy of this Order, the Motion (Doc. 1-3) and Petition (Doc. 1) on the appropriate U.S. Customs and Immigration Enforcement officials. See Local Rule 6.01(c).

4. The Court will consolidate consideration of the request for preliminary injunction with an adjudication of the Petition on the merits. See Fed. R. Civ. P 65(a)(2). No later than **November 13, 2026**, Respondents shall respond to the request for a preliminary injunction and also show cause why the Petition should not be granted.

5. Petitioner shall have until **November 17, 2026** to file a reply to Respondents' response.

6. If Petitioner is released from custody, Respondents must file a notice within **3 days**.

7. The parties must mark for identification all transcripts, briefs, affidavits, and other documentary exhibits and, if more than one, submit a table of contents or index (with a title, description, and date of each document). The Court will strike and return any exhibits that do not comply with these requirements. If a party relies on a deposition, the entire transcript must be filed.

**DONE AND ORDERED** in Jacksonville, Florida this 5th day of November, 2026 at 3:45 p.m.

Timothy J. Corrigan

TIMOTHY J. CORRIGAN
Senior United States District Judge

s.
Copies:
Counsel of record
Parties as directed above