**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MAX WESLEY MICHEL,

Petitioner,

v. Case No. 3:26-cv-3056-TJC-PDB

WARDEN, NORTH FLORIDA
DETENTION CENTER, et al.,

Respondents.

---

**ORDER**

Petitioner Max Welsey Michel, an immigration detainee, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus (Doc. 1). Petitioner, a Haitian national who is now 18 years old, was paroled into the United States in 2016, with authorization to remain for three years. See Doc. 1-2 at 3, Doc. 7 at Ex. 2. On September 1, 2026, after the expiration of his parole, United States Immigration and Customs Enforcement encountered Petitioner after he was arrested on misdemeanor charges of indecent exposure. He was taken into immigration custody pending removal proceedings. His criminal charges remain pending. See Doc. 1-2 at 3-5. The Court granted an earlier motion for temporary restraining order (Doc. 5), prohibiting Respondents from removing Petitioner from the Middle District of Florida for a fourteen-day period which expires today.

Petitioner argues that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), but instead § 1226(a). Doc. 1-2. As relief, Petitioner asks the Court to order Respondents to provide him with a bond hearing or require his immediate release under reasonable conditions. Doc. 1 at 8-9. Respondents argue that once Petitioner's parole expired, his status was restored to that of an applicant for admission, and he was thereby subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Doc. 7 at 3-6. Respondents acknowledge that some judges within this district have rejected that argument. Id. at 7. The undersigned issued a recent opinion which likewise disagrees with the Respondents' position. See Paneque Acuna v. Warden, Case No. 3:26-cv-3023-TJC-SJH (M.D. Fla. Nov. 13, 2026). The Court sees no distinction here. Thus, for the reasons stated in Paneque Acuna, the Court determines Petitioner is not subject to detention under § 1225. Rather, his detention is pursuant to 8 U.S.C. § 1226(a) and Petitioner is therefore entitled to a bond hearing.[1]

[1] Because the Court finds that ordering a bond hearing is the appropriate relief, it does not, and need not, address Petitioner's other claims and arguments. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

Respondents argued against converting the Temporary Restraining Order into a Preliminary Injunction. However, the Court is ordering Respondents to provide Petitioner with a bond hearing in short order. The original grounds for entering the Temporary Restraining Order remain and the Court sees no prejudice in extending the injunction until the date of the hearing.

Accordingly, it is hereby

**ORDERED**:

1. Max Wesley Michel's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**. No later than **November 30, 2026**, Respondents shall either (1) provide Petitioner with an individualized bond hearing before an immigration judge or (2) release Petitioner from custody.

2. If Respondents provide Petitioner with an individualized bond hearing, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by Petitioner and the factors announced in In re Guerra, 24 I&N Dec. 37 (BIA 2006). Furthermore, Petitioner's counsel must be given **48 hours advance notice** of the hearing.

3. If Respondents release Petitioner, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

4. No later than **December 3, 2026**, Respondents **shall FILE** a copy of the immigration judge's order following Petitioner's individualized bond

hearing or inform the Court that he has been released from custody.

5. The Court's Temporary Restraining Order (Doc. 5) is converted to a Preliminary Injunction which shall expire on **November 30, 2026**.

6. The Warden's Motion to Dismiss as an improper party (Doc. 8) is **denied as moot**.

7. The Clerk shall **enter judgment** granting the Petition and close the file.

8. The Court **retains jurisdiction** to effectuate this Order.

**DONE AND ORDERED** in Jacksonville, Florida this 19th day of November, 2026.

Timothy J. Corrigan
TIMOTHY J. CORRIGAN
Senior United States District Judge

s.
Copies:
Counsel of record